**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVIS J. MCGILL,

Defendant-Appellant.

No. 08-8075
(D.C. No. 2:07-CR-00193-WFD-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Defendant Travis J. McGill was convicted by a jury on six counts of

aggravated sexual abuse while in Indian country, 18 U.S.C. §§ 2241(c), 1153(a),

and one count of possession of child pornography, *id.*, § 2252A(a)(5)(A), (b)(2).

The district court imposed a sentence of 560 months on each of the six aggravated

sexual abuse counts and a sentence of 120 months on the child pornography

---

[*]    After examining the appellate record and the materials submitted by the
defendant-appellant and his counsel, this panel has determined unanimously that
oral argument would not materially assist the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count, to run concurrently, followed by a term of supervised release. After timely initiating this appeal at defendant's request, counsel moved to withdraw and filed an *Anders* brief explaining that he could find no non-frivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). For the reasons stated below, we grant the motion and dismiss the appeal as frivolous.

## I. *Anders* Framework

In *Anders*, the Supreme Court set out the following prophylactic procedure as a guide for criminal defense counsel and the appellate court when a defendant insists on taking an appeal that appears to be frivolous:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744; *see Smith v. Robbins*, 528 U.S. 259, 265, 269-76 (2000) (clarifying that *Anders* procedure is proper, but not exclusive, means to balance defendant's right to appellate counsel with State's interest in barring frivolous appeals).

Counsel followed this procedure by filing a brief discussing one potential ground for appeal and providing defendant a copy of the brief.[1] Defendant responded by submitting a demand for thirty billion dollars from the federal government, with cryptic references to bankruptcy law, truth-in-lending, and corporate criminal fraud. We are thus left to address the only issue specified by counsel, along with other matters considered in the course of our independent examination of the record.

## II. Sufficiency of the Evidence of Conviction

A review of the trial transcript assures us that legally sufficient evidence supports the jury's verdict. The victim's testimony recounted several incidents of sexual abuse. The testimony was specific, consistent, and credible in its factual detail. And text messages sent from defendant's phone to the victim, when defendant returned to the reservation after some time away, meshed with the victim's testimony in a way that clearly supported its credibility. In addition, although no one witnessed the acts underlying the charged offenses, the victim's mother directly corroborated her daughter's testimony about an earlier incident of

---

[1] The trial court took pains to conceal the victim's real name. However, counsel's brief mentioned the victim by name without redaction, and counsel failed to alert the court to this fact. This error appears inadvertent, and we have ensured that the brief is not publicly accessible. But maintaining victim confidentiality is of the utmost importance in child sexual abuse cases, and we remind counsel that they should employ due diligence to maintain that confidentiality in such cases at all times.

sexually inappropriate conduct by defendant with the victim that presaged the offenses later carried out with greater caution and deception. Finally, evidence of sexual predation directed by defendant toward two other children—including another victim identified in five counts of the instant indictment that were ultimately dismissed for reasons not relevant here—further bolstered the government's case.

As for the child pornography count, the government's proof may at times have been technologically complicated, but it was straightforward as a legal matter. Evidence of defendant's knowing possession, on his cell phone, of an image meeting the statutory definition of child pornography sufficed to support his conviction.

The defendant did not testify (as was his right). The defense put on no witnesses, relying solely on cross-examination of witnesses in the course of the government's case in chief. The material points of the government's proof were neither undermined nor opposed in any significant way.

In short, the substantive basis for defendant's conviction is not open to any reasonable objection. If there is any error requiring reversal, it must relate to the procedural aspects of the prosecution, to which we turn next.

### III. Indictment and Instructions

The one potential objection discussed in counsel's *Anders* brief concerns the use of a formalistic bare-bones indictment to prosecute six particularized

time-specific incidents of criminal conduct. The six counts of aggravated sexual abuse provided few actual facts and involved lengthy, partially overlapping time frames from three to six years.[2] Thus, on its face, the indictment might well raise concerns about the notice as to the nature of the charges. But any such concerns were allayed by the government's open-file discovery policy, which gave defendant access to evidence pinpointing the time and location of each incident to be proven at trial. Defense counsel repeatedly affirmed on the record that this discovery policy provided ample notice of the charges.

In his *Anders* brief, counsel does not focus on defendant's pretrial notice of charges. Instead, counsel focuses on the government's case at trial, suggesting the possibility of a "variance" from the indictment, in that much of the factual basis developed at trial in support of the charged counts had not been specified in the indictment. Nevertheless, counsel opines, and we agree, that this line of argument is clearly foreclosed by the record.

---

[2]     For example, compare count eight: "On or about between August 20, 2000, and August 19, 2004, in the District of Wyoming and within Indian Country, the Defendant, TRAVIS J. McGILL, an Indian, did knowingly engage in a sexual act, to-wit, contact between the penis and the vulva, with ____, a person who at the time had not yet attained the age of twelve (12) years"; with count nine: "On or about between August 20, 2001, and August 19, 2004, in the District of Wyoming and within Indian Country, the Defendant, TRAVIS J. McGILL, an Indian, did knowingly engage in a sexual act, to-wit, contact between the penis and vulva, with ____, a person who at that time had not yet attained the age of twelve (12) years." R. Vol. 1 at 57.

Where, as here, the new facts shown at trial do not so deviate from the charged offense as to constructively amend the indictment by establishing a different crime, a factual variance does not undermine the conviction unless substantial rights of the defendant were otherwise prejudiced. *United States v. Sells*, 477 F.3d 1226, 1237 (10th Cir. 2007); *United States v. Hamilton*, 992 F.2d 1126, 1129-30 (10th Cir. 1993). Such prejudice can occur "either because [the defendant] cannot anticipate from the indictment what evidence will be presented against him, or because the defendant is exposed to the risk of double jeopardy.[3]" *United States v. Caballero*, 277 F.3d 1235, 1243 (10th Cir. 2002).

The first type of prejudice is negated here for the same reason pretrial notice concerns were allayed: as counsel readily admitted, the government's cooperation in discovery left the defense fully able to anticipate and prepare for the evidence presented in support of the charged offenses at trial. Nor is there a risk of double jeopardy exposure: defendant cannot be mistakenly retried for the conduct actually underlying his conviction here, given the explicit one-to-one linkage of the charged counts with the particular incidents proven at trial (the implementation of this linkage, through jury instructions, is discussed below).

---

3       Regarding this risk, we have explained that "a variance can be so great as to violate the defendant's Fifth Amendment right against double jeopardy because a conviction based on the indictment would not bar a subsequent prosecution" for the conduct actually underlying the offense of conviction as found by the jury. *United States v. Stoner*, 98 F.3d 527, 536-37 (10th Cir. 1996) (quotation omitted) *adhered to in relevant part on rh'g en banc*, 139 F.3d 1343 (1998).

We have repeatedly stressed that "'it is the judgment and not the indictment alone which acts as a bar, and the entire record may be considered in evaluating a subsequent claim of double jeopardy.'" *Hamilton*, 992 F.2d at 1130 (quoting *United States v. Whitman*, 665 F.2d 313, 318 (10th Cir. 1981) (further quotations omitted)). Given the careful framing of the jury instructions here, "[t]he record in this case eliminates any possibility that [defendant] could be reprosecuted for the acts supporting his conviction. Accordingly, no fatal variance occurred." *Whitman*, 665 F.2d at 318.

The use of generic, facially indistinguishable counts with broad overlapping time frames could potentially raise additional double-jeopardy and jury-unanimity concerns. As for double jeopardy, the jury could be misled into convicting the defendant on more than one count for the same conduct; as for jury-unanimity, different jurors might vote to convict on the same count on the basis of different conduct. Both of these concerns, however, were obviated by instructions, approved by the prosecution and defense alike, that linked specific counts with particular incidents identified by unique factual circumstances. For some counts, the unique identifier was a particular type of sexual act (already specified in the indictment) that the evidence showed had occurred only once; for others, the identifier was the particular location of the offense, which had been associated with just one of the incidents described (in additional detail) by the victim in her testimony. *See generally* R. Vol. 3 at 1515-28. And the government

-7-

reinforced these instructions during closing argument by highlighting the specific incidents linked to each count, *see id.* at 1454-56, and underscoring for the jury that "[t]he important thing you must all agree on are what facts support each count," *id.* at 1454.

Accordingly, we discern no grounds on which a non-frivolous challenge could be made to defendant's conviction on the basis of the indictment, variance between the indictment and the proof at trial, or the manner in which the counts of conviction were presented to the jury.

## IV. Trial and Sentencing Proceedings Generally

We have reviewed the record for other potential non-frivolous issues, and see nothing to suggest possible reversible error in the conduct of defendant's trial. There is no doubt concerning the admissibility of the compelling evidence of guilt provided by the victim, which was corroborated by damning communications from the defendant himself. And the district court's handling of evidence of criminal sexual conduct by the defendant directed toward other child victims under similar circumstances, pursuant to Federal Rules of Evidence 413/414, is not subject to any colorable challenge. The evidence clearly fell within the compass of these rules, and the court did not abuse its discretion in balancing relevance against unfair prejudice under Rule 403. *See generally United States v. Benally*, 500 F.3d 1085, 1089-91 (10th Cir. 2007).

Finally, in his *Anders* brief, counsel expressly disavows any challenge to sentencing, noting that the district court imposed a sentence below the guideline range of life imprisonment on the sexual abuse counts. We agree that there are no non-frivolous objections to be made in this regard. The district court correctly calculated the guideline range,[4] properly considered the statutory sentencing factors to reduce the guideline sentence to a limited degree, and, given the nature and duration of the conduct involved, reasonably declined defendant's request for a drastic sentence reduction. Any challenge to the sentence imposed would be frivolous.

---

[4]     The court followed circuit precedent applying the "one book" principle in U.S.S.G. § 1B1.11(b)(2) and (3) to reject defendant's argument for sentencing under the guideline manual in force at the time of his earliest sex offense. *See United States v. Sullivan*, 255 F.3d 1256, 1259-60 (10th Cir. 2001). Defendant's perfunctory effort to circumvent our precedent by invoking a later Supreme Court case applying the "rule of lenity" to accept a defendant's construction of an ambiguous criminal statute, *United States v. Santos*, 128 S. Ct. 2020, 2025 (2008) (Scalia, J., plurality opinion), was patently meritless. *Santos* concerned an entirely different question of statutory interpretation; and the rule of lenity itself was clearly a part of the legal landscape when *Sullivan* was decided, *see Santos*, 128 S. Ct. at 2050 (citing line of authority dating back to 1917), so that it cannot be invoked as a newly-minted legal principle permitting reconsideration of our precedent. In any event, the rule applies "only when, after consulting traditional canons of statutory construction, we are left with an ambiguous criminal statute," *United States v. Hayes*, 129 S. Ct. 1079, 1089 (2009) (quotation omitted), and, as *Sullivan* reflects, the guideline provisions involved here are easily construed without any unresolved ambiguity.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is

DISMISSED as frivolous.

Entered for the Court


Jerome A. Holmes
Circuit Judge