**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEBROSKI K. WRIGHT,

      Defendant-Appellant.

No. 09-3353
(D.C. No. 2:09-CR-20035-KHV-02)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Debroski K. Wright pleaded guilty to possession with intent to distribute

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and to the

possession in furtherance of, and the use or carrying of a firearm during and in

relation to, a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

The district court sentenced him to seventy-five months of imprisonment, thirty-

---

[*]   This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the
appellate record, this three-judge panel determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

six months of supervised release, and a special assessment of $200. Mr. Wright appeals the district court's denial of his motions to withdraw his guilty plea and also the sentence that the court imposed upon him. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

On appeal, Mr. Wright's counsel filed an *Anders* brief, noting that "after conscientious examination of the record," he was constrained to "characterize this appeal as frivolous and request permission to withdraw."[1] Aplt. *Anders* Br. at 10; *see* 10th Cir. R. 46.4(B)(1); *Anders v. California*, 386 U.S. 738, 744 (1967). In the *Anders* brief, counsel identifies two potential issues: whether the district court erred in denying Mr. Wright's pro se motions to withdraw his guilty plea and whether Mr. Wright was deprived of his constitutional right to the effective assistance of counsel. Mr. Wright filed a response to the *Anders* brief in which he reiterates that the district court erred in denying the motions to withdraw his guilty plea. He also contends that the district court erred in failing to reduce his sentence under the "safety valve" of 18 U.S.C. § 3553(f). The government declined to file a brief. Based upon our thorough, independent review of the record, *see Anders*, 386 U.S. at 744, we conclude that Mr. Wright raises no non-frivolous issues. Thus, we affirm the denials of the motions to withdraw the

---

[1] *See, e.g.*, *United States v. McGill*, 359 F. App'x 56, 58 (10th Cir. 2010) (discussing the "prophylactic procedure [established by the Court in *Anders*] as a guide for criminal defense counsel and the appellate court when a defendant insists on taking an appeal that appears to be frivolous").

guilty plea, affirm the sentence, and grant the defense counsel's motion to withdraw.

## BACKGROUND

On the evening of February 18, 2009, Kansas City, Kansas, police officers attempted to stop a blue, 1999 Pontiac Grand Am for a traffic violation. When the driver refused to pull over, the officers gave chase. After a brief pursuit, the driver of the Grand Am tried to execute a U-turn, lost control of the vehicle, and struck a curb. The collision disabled the Grand Am.

The collision also set off a flurry of activity by the Grand Am's occupants. An officer saw the driver discard a plastic bag out of the driver's-door window. The officers subsequently recovered the plastic bag from the road and found that it contained several individually wrapped pieces of cocaine base, with a total net weight of 17.8 grams. When the Grand Am stopped, Mr. Wright exited the front passenger's seat and fled the scene on foot. An officer pursued Mr. Wright and watched him throw a handgun to the ground during the chase. The officer apprehended Mr. Wright a short distance from the Grand Am and recovered from the scene a loaded 9mm Ruger pistol. When Mr. Wright was booked at the Wyandotte County Jail, sheriff's deputies found eight individually wrapped pieces of cocaine base, with a total net weight of 1.6 grams, hidden in one of his socks.

On August 11, 2009, Mr. Wright pleaded guilty to a superseding information in the U.S. District Court for the District of Kansas, pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C). The superseding information charged Mr. Wright with possession with intent to distribute a quantity (unspecified) of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and with the possession in furtherance of, and the use or carrying a firearm during and in relation to, a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

On October 7, 2009, prior to sentencing, Mr. Wright filed a pro se motion to withdraw his guilty plea. Mr. Wright alleged that he had received ineffective assistance of counsel with respect to the entry of his guilty plea. He claimed that his appointed counsel had failed to explain that "to find [him] guilty of the gun charge . . . the government [would have] had to prove beyond a reasonable doubt that [he] [had] intended to distribute five or more grams of cocaine base."[2] R., Vol. I, at 45 (Mot. to Withdraw Plea of Guilty, filed Oct. 7, 2009). Mr. Wright also claimed that his counsel had failed to obtain a DNA and fingerprint analysis of the firearm, which prevented him from evaluating the strength of the government's case against him. He stated that he "would not have pled guilty had he been aware of th[is] information." *Id.* at 46.

---

[2]   Mr. Wright was indicted for possessing with the intent to distribute five or more grams of cocaine base; however, the amount of cocaine base was left unspecified in the superseding information that formed the basis for Mr. Wright's guilty plea.

On November 5, 2009, the district court denied Mr. Wright's motion. As an initial matter, the district court found the pro se motion to be defective because Mr. Wright was represented by counsel.[3] The district court also found that Mr. Wright had not shown a "fair and just reason for requesting [the] withdrawal," pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), because (1) Mr. Wright "d[id] not claim that DNA or fingerprint evidence would have exonerated him"; (2) the officer provided sufficient evidence to support a conviction of the firearms charge under 18 U.S.C. § 924(c)(1)(A) because he "saw [Mr. Wright] throw the pistol to the ground as he was running" from the traffic stop; and (3) "the government was not required to establish that [Mr. Wright] intended to distribute a specific amount of cocaine base" to convict him of the firearms charge, R., Vol. I, at 49 (Mem. & Order, filed Nov. 5, 2009).

On November 10, 2009, Mr. Wright renewed the pro se motion to withdraw his guilty plea and presented supporting arguments at a motion hearing. Mr. Wright now asserted that he was innocent of the firearms charge under 18 U.S.C. § 924(c)(1)(A) because he never possessed or had knowledge of the recovered firearm. He also claimed that his guilty plea was not knowing or voluntary because his appointed counsel had pressured him into accepting the plea

---

[3] The district court properly exercised its discretion to reject Mr. Wright's pro se motions to withdraw his guilty plea because he was represented by counsel. *See United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) ("As Mr. Pearl is represented by counsel, we deny his motion to file an additional pro se supplemental brief . . . .").

agreement. Furthermore, Mr. Wright reiterated that his counsel had provided ineffective assistance by not obtaining a DNA and fingerprint analysis of the firearm.

On November 17, 2009, the district court denied the renewed motion. As in the prior order, the district court denied the pro se motion because Mr. Wright was represented by counsel. The district court also found that Mr. Wright had not shown a "fair and just reason for requesting withdrawing his plea," R., Vol. I, at 56 (Order, filed Nov. 17, 2009), pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), because (1) "the absence of DNA or fingerprint[] [evidence] is insufficient to acquit a defendant" of the firearms charge; (2) "[t]he officer's testimony is sufficient to show that [Mr. Wright] possessed the firearm"; (3) "the language of the plea agreement and the Rule 11 colloquy clearly establish that defendant's plea was knowing and voluntary"; and (4) the ineffective-assistance-of-counsel claim is inconsistent with Mr. Wright's statements in his plea agreement and plea colloquy.[4] *Id.* at 55 & n.2.

---

[4] Mr. Wright continued to request to withdraw his guilty plea. On December 2, 2009, the district court denied Mr. Wright's oral motion to withdraw his guilty plea because it found that he had pleaded guilty freely and voluntarily. The district court also considered this issue during the sentencing hearing. We need not consider these rulings because Mr. Wright did not address them in his notice of appeal. R., Vol. I, at 68 (Notice of Appeal, filed Dec. 10, 2009); *see* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment, order, or part thereof being appealed"); *United States v. Morales*, 108 F.3d 1213, 1222 (10th Cir. 1997); *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990).

On December 3, 2009, Mr. Wright was sentenced to seventy-five months of imprisonment, thirty-six months of supervised release, and a special assessment of $200. On December 10, 2009, Mr. Wright filed a notice of appeal.[5]

## DISCUSSION

On appeal, Mr. Wright contends that the district court erred in denying the motions to withdraw his guilty plea and in failing to reduce his sentence under the "safety valve" of 18 U.S.C. § 3553(f).

## I. Motions to Withdraw Guilty Plea

"We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (en banc) (internal quotation marks omitted). "Although a motion to withdraw a plea prior to sentencing should be freely allowed, we will not reverse a district court's decision unless the defendant can show that the court acted unjustly or unfairly." *United States v. Garcia*, 577 F.3d 1271, 1274 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1110 (2010).

---

[5] In the plea agreement, Mr. Wright expressly "waive[d] any right to appeal . . . any matter in connection with this prosecution, conviction and sentence," R., Vol. I, at 40 (Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C), filed Aug. 11, 2009), except for "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct," *id.* at 41. Although at least arguably this appeal waiver would have disposed of most of Mr. Wright's claims, the government waived its right to enforce this waiver by failing to invoke it before this court. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("A defendant's waiver of the right to appeal may itself be waived by the government.").

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." To determine if the defendant has carried this burden, we consider seven factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) *whether close assistance of counsel was available to the defendant*; (6) *whether the plea was knowing and voluntary*; and (7) whether the withdrawal would waste judicial resources.

*Yazzie*, 407 F.3d at 1142 (emphasis added) (quoting *United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004)); *accord United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). Mr. Wright's arguments principally relate to two of these factors—namely, *Yazzie*'s factor 5 (assistance of counsel) and factor 6 (knowing and voluntary nature of the plea).

### A.     Initial Motion to Withdraw

Mr. Wright contends that the district court erred in denying his initial motion to withdraw his guilty plea. In particular, Mr. Wright argues that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel.[6]

---

[6]     In the initial motion to withdraw his guilty plea, Mr. Wright did not
(continued...)

-8-

### 1.    Knowing and Voluntary Plea

We review de novo whether a guilty plea was knowing and voluntary. *Hamilton*, 510 F.3d at 1215. "[A] plea is valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant." *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000). "A guilty plea entered upon the advice of counsel is invalid if the plea was coerced, or if the advice of defendant's counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (citation omitted).

In this action, the record demonstrates that Mr. Wright knowingly and voluntarily entered his guilty plea. In the petition to plead guilty, Mr. Wright stated that, *inter alia*, he (1) understood the charges against him; (2) had discussed the charges, lesser-included offenses, and possible defenses with his appointed counsel; (3) knew the terms of the proposed plea agreement, (4) was aware of statutory minimum penalties, (5) understood that he would relinquish certain rights by entering into the plea agreement; (6) was competent to enter a plea; (7) was not threatened or coerced to plead guilty; and (8) was actually guilty of the charges against him. In the plea agreement, Mr. Wright confirmed that he had fully discussed this matter with his appointed counsel, understood the plea

_____

[6](...continued)
assert his innocence.

agreement, and knowingly and voluntarily pleaded guilty. The voluntariness of the guilty plea is also evident from the district court's detailed and thorough exchange with Mr. Wright during the plea colloquy. *See United States v. Graham*, 466 F.3d 1234, 1239 (10th Cir. 2006); *Gigley*, 213 F.3d at 517; *United States v. Jones*, 168 F.3d 1217, 1220 (10th Cir. 1999); *Carr*, 80 F.3d at 417.

Although Mr. Wright argues that the guilty plea was not voluntary because he did not understand the elements of the charges, copious information in the record directly contradicts this claim. In the petition to plead guilty and the plea agreement, Mr. Wright repeatedly indicated that he fully understood the charges against him. Furthermore, at the commencement of the plea colloquy, the district court invited Mr. Wright to have the court clarify "anything about my questions that you don't understand." R., Vol. II, Tr. at 408 (Sentencing Hr'g, dated Aug. 11, 2009). On several occasions during the plea colloquy, Mr. Wright accepted this invitation and had the district court or his counsel clarify an issue. Throughout the plea colloquy, Mr. Wright assured the district court that he understood the nature of the proceeding and the charges against him. Thus, based on the petition to enter a guilty plea, the plea agreement, and the plea colloquy, we have "little doubt that [Mr. Wright's] plea was knowing and voluntary." *Graham*, 466 F.3d at 1239.

-10-

## 2. Ineffective Assistance of Counsel

Mr. Wright also claims that he received ineffective assistance of trial counsel. "'Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.'" *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). Although we may review ineffective-assistance claims in "rare" cases where the factual record is sufficiently developed, *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008), a collateral proceeding is preferable because "[a]n opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand," *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) (internal quotation marks omitted).

In this action, Mr. Wright's ineffective-assistance-of-counsel claim is premature. Although the district court made fleeting references to counsel's performance, we lack a sufficiently developed factual record on this issue. Thus, we decline to consider Mr. Wright's claim that he pleaded guilty based on alleged ineffective assistance of his trial counsel.

### 3. Other Factors

We need not address the remaining factors, *viz.*, prejudice to the government, the timing of the motion, the inconvenience to the court, and the waste of judicial resources. As an initial matter, Mr. Wright waived any arguments regarding these factors by not raising them before the district court, *Cummings v. Norton*, 393 F.3d 1186, 1190 (10th Cir. 2005), or on appeal, Fed. R. App. P. 28(a)(9)(A); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Even if Mr. Wright had raised such arguments, "these factors speak to the potential burden on the government and the court, rather than the defendant's *reason* for withdrawal," and "cannot establish a fair and just reason for withdrawal." *Hamilton*, 510 F.3d at 1217. Thus, because Mr. Wright failed to establish a fair and just reason for withdrawing his guilty plea under the prior two factors, the district court did not abuse its discretion in denying his motions.

### B. Renewed Motion to Withdraw

Mr. Wright also appeals the denial of the renewed motion to withdraw his guilty plea. In particular, Mr. Wright asserts that he is innocent of the firearms charge, that his guilty plea was not knowing and voluntary, and that he received ineffective assistance of counsel.

-12-

### 1. Assertion of Innocence

Mr. Wright asserts that he is innocent of the charge of possession of a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A). A defendant may satisfy this factor through an assertion of legal or factual innocence. *United States v. Byrum*, 567 F.3d 1255, 1264–65 (10th Cir. 2009); *Hamilton*, 510 F.3d at 1214–15. Although "this factor only requires that [a defendant] assert his innocence," *Carr*, 80 F.3d at 420, a defendant must offer evidence to support conclusory statements of innocence. *United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999).

In this action, Mr. Wright contends that the government could not establish, beyond a reasonable doubt, that he possessed the recovered firearm in furtherance of a drug-trafficking offense.[7] Although Mr. Wright claims that a DNA or fingerprint analysis of the recovered firearm would exonerate him of the possession charge, he provides no evidence to support his conclusory assertion of innocence. This assertion of factual innocence also conflicts with Mr. Wright's sworn statements in the petition to plead guilty, the plea agreement, and the plea colloquy. Mr. Wright specifically agreed that an officer saw him throw a

---

[7] Mr. Wright also claims that the government could not establish the use prong of 18 U.S.C. § 924(c)(1)(A) because he had not actively employed the firearm in relation to the underlying drug-trafficking offense. We need not address the use prong because the evidence supports Mr. Wright's conviction for possessing the recovered firearm.

handgun to the ground during the flight from the traffic stop, that the officer recovered a handgun, and that Mr. Wright had 1.6 grams of cocaine base hidden in his sock. Because "[t]he mere propinquity of . . . weapons and drugs suggests a connection between the two," *United States v. Payton*, 405 F.3d 1168, 1171 (10th Cir. 2005), the district court did not abuse its discretion in finding that Mr. Wright's evidentiary showing was insufficient to constitute an credible assertion of factual innocence to the firearms charge under 18 U.S.C. § 924(c)(1)(A).

### 2.    Other Factors

Mr. Wright also fails to establish the existence of the other factors. As discussed *supra* Part I.A, the guilty plea was knowing and voluntary, and the ineffective-assistance-of-counsel claim is premature. Furthermore, Mr. Wright cannot rely on the remaining factors because he waived his arguments on those factors and those factors are irrelevant without a showing of a fair and just reason to withdraw his guilty plea.

## II.    Sentencing

Mr. Wright contends that the district court should have granted him a "safety valve" departure from the statutory-minimum sentence, pursuant to 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 2D1.1(b)(9) and 5C1.2. Under § 3553(f), the district court must "impose a sentence pursuant to [the U.S.S.G.] without regard to any statutory minimum sentence" if the defendant satisfies five criteria. One of these criteria is that the

-14-

defendant "did not . . . possess a firearm . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). A defendant bears the burden of proving, by a preponderance of the evidence, that he qualifies for relief under the safety valve. *United States v. Cervantes*, 519 F.3d 1254, 1256 (10th Cir. 2008).

We review this argument for plain error because Mr. Wright failed to raise it at sentencing. Under the plain-error doctrine, we will reverse the district court's judgment only if the party shows (1) an error; (2) that is plain, which means clear or obvious; (3) that affects substantial rights; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Morris*, 562 F.3d 1131, 1133 (10th Cir. 2009) (internal quotation marks omitted); *accord United States v. A.B.*, 529 F.3d 1275, 1280 (10th Cir. 2008). "The plain error standard presents a heavy burden for an appellant, one which is not often satisfied." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

In this action, Mr. Wright cannot establish the first condition of plain-error review, *viz.*, error, because his drug and firearm offenses do not qualify for safety-valve relief. The safety valve applies only to an offense with a statutory-minimum sentence, 18 U.S.C. § 3553(f); Mr. Wright's offense did not provide for such a sentence. 21 U.S.C. § 841(b)(1)(C); *see United States v. Santos*, 195 F.3d 549, 550 (10th Cir. 1999) (noting the absence of a mandatory-minimum sentence for violations of § 841(b)(1)(C)), *abrogated on other grounds by United States v.*

-15-

*Jones*, 235 F.3d 1231 (10th Cir. 2000); R., Vol. II, at 419 (indicating that Mr. Wright agreed to plead to the Superseding Information, in part, to reduce the charge from a Class B felony with a mandatory-minimum sentence of five years to a Class C felony without a mandatory-minimum sentence). Although Mr. Wright's conviction under 18 U.S.C. § 924(c)(1)(A) carries a statutory-minimum sentence of five years, the safety valve affords relief only as to certain drug offenses. Even if the safety valve would otherwise apply to Mr. Wright's violation of § 841(b)(1)(C), we have held that the evidence is sufficient to demonstrate that Mr. Wright possessed a firearm in furtherance of a drug-trafficking offense, *see* discussion *supra* Part II; therefore, due to that fact, Mr. Wright could not avail himself of the safety valve, *see* 18 U.S.C. § 3553(f)(2).

## CONCLUSION

We have conducted a thorough, independent examination of the record. We are confident that Mr. Wright's counsel is correct: there are no non-frivolous issues to present on appeal. Consequently, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment and sentence.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge


-16-