FILED
United States Court of Appeals
Tenth Circuit

November 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WESLEY PLEXICO,

      Defendant-Appellant.

No. 09-4036
(D.C. No. 2:08-CR-00727-DAK-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Wesley Plexico pled guilty to possession of a stolen firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(j), and was sentenced to 30 months' imprisonment followed by 3 years of supervised release. As part of his plea agreement with the government, Mr. Plexico waived the right to appeal his sentence. Nevertheless, he now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discerns no colorable basis for the appeal and seeking leave to withdraw. After careful review, we hold that Mr. Plexico's plea agreement bars him from taking this appeal. Therefore, we grant his attorney's motion to withdraw and dismiss the appeal.

\* \* \*

The Supreme Court's decision in *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).[1] In evaluating the attorney's request, we are required to "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Plexico's attorney argues that this appeal is wholly frivolous because it is prohibited by the express terms of Mr. Plexico's plea agreement. In the alternative, the attorney suggests that Mr. Plexico's two

---

[1] In this case, Mr. Plexico was given the opportunity to respond to his counsel's assertions, but he filed no response.

potential grounds for appeal — that the district court incorrectly calculated his criminal history category and guidelines range and that the district court's sentence was an abuse of discretion — are both meritless. Mr. Plexico has not identified any additional issues for appeal, nor has our own review of the record turned up any other potential issues. We agree with Mr. Plexico's attorney that the appeal waiver completely bars this appeal, and we therefore have no reason to evaluate either of Mr. Plexico's potential arguments.

Defendants are bound to the terms of knowingly and voluntarily accepted plea agreements. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). This includes any waiver of the right to appeal. *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). When presented with such a waiver, we will enforce it as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325.[2]

In this case, we are bound to enforce Mr. Plexico's waiver of appeal. First, Mr. Plexico's appeal fits squarely within the ambit of his waiver. Construing his

---

[2] In addition, we will only enforce an appeal waiver when the government invokes the waiver against the defendant. Here, the government invoked the waiver in a letter informing the court that it does not intend to file a brief in this matter. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("[W]e hold that where the government explicitly cites an appeal waiver in a letter to the Court in response to an *Anders* brief, the waiver is not waived and must be enforced if it meets the requirements of *United States v. Hahn*.").

notice of appeal liberally, Mr. Plexico presents a broad challenge to his sentence. R. Vol. I, *Notice of Appeal* (requesting reconsideration of defendant's criminal history category and total offense level). As part of his plea agreement, however, Mr. Plexico agreed to the following waiver:

> Fully understanding my limited right to appeal my sentence . . . and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any ground whatever . . . .

R. Vol. I, *Statement by Defendant in Advance of Guilty Plea*, at 4. The only exceptions to this otherwise comprehensive waiver were for "a sentence above the maximum penalty provided in the statute of conviction" or "a sentence above the high-end of the guideline range." *Id.* Mr. Plexico's sentence satisfies neither of these exceptions because the district court sentenced Mr. Plexico at the bottom end of his guidelines range, well below the statutory maximum. R. Vol. II, *Sentencing Proceedings*, at 6-7.

Second, the record indicates that Mr. Plexico knowingly and voluntarily agreed to the appeal waiver. At the plea hearing, the magistrate judge conducted a thorough inquiry in which Mr. Plexico informed the court that no one had threatened or coerced him into accepting the agreement, he was not under the influence of any drugs or alcohol, he had received ample time to discuss the agreement with his attorney, and he understood the consequences of his plea. R.

- 4 -

Vol. II, *Change of Plea Hearing*, at 4-7.  In his notice of appeal, Mr. Plexico does not provide any argument or evidence to the contrary.

Third, we have no reason to believe that enforcement of Mr. Plexico's appeal waiver would result in a miscarriage of justice.  In particular, there is no suggestion of fraud or other misconduct by the government.  Nor has Mr. Plexico suggested any other reason why we should not enforce the appeal waiver.

Based on our review of the record, we agree with Mr. Plexico's lawyer that there is no colorable basis for appeal.  Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge