**UNITED STATES COURT OF APPEALS**
**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

JOSE GUADALUPE VASQUEZ-
REYES,

       Defendant - Appellant.

No. 09-2053

(D. New Mexico)

(D.C. No. 08-CR-01205-WJ-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BALDOCK**, and **BRORBY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

    Defendant and appellant Jose Guadalupe Vasquez-Reyes pled guilty, pursuant to a plea agreement, to unlawfully reentering the United States after

---

    [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

previously being deported, in violation of 8 U.S.C. § 1326(a) and (b).  At the time

he committed the instant offense, Mr. Vasquez-Reyes was on supervised release

following a conviction for illegally reentering the country after a prior

deportation.  The plea agreement contained an appeal waiver:

> The Defendant is aware that federal law affords a Defendant the right
> to appeal the sentence imposed.  Acknowledging that, the Defendant
> knowingly waives the right to appeal any sentence within the
> applicable sentencing guideline range and imposed in conformity
> with this plea agreement.  In addition, the Defendant agrees to waive
> any collateral attack to the Defendant's conviction pursuant to 28
> U.S.C. § 2255, except on the issue of ineffective assistance of
> counsel.

Agreement at ¶ 10, R. Vol. 1 at 5.  The agreement also explicitly informed

Mr. Vasquez-Reyes that he could be sentenced to a term of up to twenty years.

After Mr. Vasquez-Reyes pled guilty, the United States Probation Office

prepared a presentence report ("PSR").  The PSR initially determined that

Mr. Vasquez-Reyes' advisory sentencing range under the United States

Sentencing Commission, Guidelines Manual ("USSG"), was 77 to 96 months,

based upon a total offense level of 21 and a criminal history category of VI.

On January 13, 2009, Mr. Vasquez-Reyes filed a sentencing memorandum

requesting a reduction of his criminal history category and a departure from the

advisory Guidelines range based on the factors set out in 18 U.S.C. § 3553(a).

The government filed a response and the district court addressed this issue at

Mr. Vasquez-Reyes' sentencing hearing on February 17, 2009.

At the sentencing hearing, the district court recalculated Mr. Vasquez-Reyes' criminal history points, after all parties realized that there had been a misunderstanding as to Mr. Vasquez-Reyes' birth date. This misunderstanding resulted in criminal history points being erroneously added to Mr. Vasquez-Reyes' total criminal history calculus because everyone involved believed that he was an adult when he committed a certain prior crime, when in fact he was a minor.[1] Additionally, all parties agreed that one other criminal history point had been incorrectly added to Mr. Vasquez-Reyes' criminal history total.[2] As the district court explained:

> All right. Then the Presentence Report needs to be amended to reflect that this defendant's birthday is May the 4th, 1980 . . . and therefore, although he was tried and sentenced as an adult in [PSR] Paragraph 22, . . . [t]hat criminal history point should not count . . . . Probation identified that the conviction in Paragraph 27, he should not have received a point for that [.] . . . . So, if you take away that point in Paragraph 27, if you take away the point in Paragraph 22, then . . . [h]is criminal history score is 12 points, which puts him in Category V.

---

[1]Mr. Vasquez-Reyes had apparently always thought his birthday was May 4, 1979, when in fact it was May 4, 1980. This resulted in the wrong birth date being reported to officials involved in Mr. Vasquez-Reyes' previous convictions, as well as the probation officer who prepared the PSR in this case. Thus, a criminal history point for a burglary committed in 1998 was initially incorrectly added, because Mr. Vasquez-Reyes was a minor in 1998, not an adult.

[2]This erroneously added point was for a criminal trespass conviction committed in 2001. See PSR ¶ 27.

Tr. of Sentencing at 21, R. Vol. 3 at 23. Accordingly, with a total offense level of 21 and a criminal history category V, the advisory Guidelines range was recalculated to be 70 to 87 months.

The court then considered the correctly computed Sentencing Guidelines range as calculated after the changes were applied, and using the Guidelines and considering the factors set forth in 18 U.S.C. § 3553(a)(1) through (7), determined that the low end of the advisory Guideline range, i.e., 70 months, was a reasonable sentence that would comply with the purposes of § 3553(a).

Because Mr. Vasquez-Reyes was on supervised release when he committed the instant offense, the government also filed a petition to revoke his supervised release. Under the Guidelines, Mr. Vasquez-Reyes' violation was a Grade B violation, which yielded a sentencing range of 18 to 24 months. The sentencing hearing served also as the hearing on the petition to revoke Mr. Vasquez-Reyes' supervised release, and Mr. Vasquez-Reyes pled guilty to the offense at the hearing. The district court sentenced Mr. Vasquez-Reyes to 18 months' imprisonment for the supervised release violation, to run concurrently to the 70-month sentence imposed for the illegal reentry.

Despite the existence of the appellate waiver, Mr. Vasquez-Reyes seeks to appeal his sentence for the illegal reentry violation. Mr. Vasquez-Reyes' appointed counsel, Jerry A. Walz, has filed an <u>Anders</u> brief and has moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

-4-

Mr. Vasquez-Reyes has not filed a response, and the government has declined to file a brief. We therefore base our conclusion in this case on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Mr. Walz that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

The Supreme Court's decision in Anders authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after conscientious examination," the lawyer finds the appeal "wholly frivolous." Anders, 386 U.S. at 744. Invoking Anders requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). In this case, Mr. Velasquez-Reyes declined to respond. In evaluating the attorney's request to withdraw, we are required to "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous," Id. If they are, we may grant counsel's motion to withdraw and dismiss the appeal. Id.

In his Anders brief, Mr. Velasquez-Reyes' attorney argues that this appeal is wholly frivolous because it is prohibited by the express terms of the plea agreement and because there is no argument available that the sentence in this case was procedurally or substantively unreasonable. Mr. Velasquez-Reyes has

-5-

not identified any additional issues for appeal, nor has our own review of the record turned up any other potential issues.

Inexplicably, the government has not invoked the appellate waiver against Mr. Velasquez-Reyes. "A defendant's waiver of the right to appeal may itself be waived by the government." United States v. Contreras-Ramos, 457 F.3d 1144, 1145 (10th Cir. 2006). We have further held that "where the government explicitly cites an appeal waiver in a letter to the Court in response to an Anders brief, the waiver is not waived and must be enforced if it meets the requirements of United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)." Id. The government did not do that in this case. Its letter to the court simply states, "Government counsel has reviewed appellant's opening brief and the record in this case and discerns no meritorious basis for appeal." Notice of Intent Not to File Answer Brief. We accordingly do not consider the appellate waiver, but review the record to determine whether there are any other meritorious grounds for an appeal. We conclude there are none.

As Mr. Velasquez-Reyes' counsel notes in his Anders brief, we review all sentences now for reasonableness. This reasonableness inquiry "includes both procedural and substantive components, and we 'review the sentence under an abuse-of-discretion standard.'" United States v. Thompson, 518 F.3d 832, 866 (10th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 594 (2007)). "Procedural reasonableness involves using the proper method to calculate the

sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 866-67 (further quotation omitted).

We agree with counsel that there is no nonfrivolous issue related to Mr. Velasquez-Reyes' sentence which could form the basis for an appeal. We have carefully reviewed the record and can discern no procedural or substantive unreasonableness with the sentence or the way it was calculated and imposed.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge