**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LAWRENCE ROLLAND THIEL,

      Defendant - Appellant.

No. 13-1251
(D.C. No. 1:12-CR-00406-WJM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Lawrence Thiel pled guilty to one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to prison for 110

months, which was at the bottom of his United States Sentencing Guidelines (the

---

      [*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

"Guidelines") range. He appeals only the substantive reasonableness of his sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291,[1] we affirm.

Because Mr. Thiel's sentence was within his Guidelines range of 110 to 120 months,[2] we must reject his claim of substantive unreasonableness unless he can overcome the presumption that the sentence was reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam); *see also Rita v. United States*, 551 U.S. 338, 347-56 (2007). He has failed to do so.

First, Mr. Thiel argues that the district "court gave too much weight to the sentence suggested by the advisory sentencing guideline range, the low end of which was only 10 months lower than the statutory maximum for the offense." Aplt. Br. at 4. This argument, standing alone, appears to be a policy disagreement with the Guidelines range required under U.S.S.G. § 2K2.1 for defendants with extensive criminal histories.

---

[1] Although the terms of Mr. Thiel's plea agreement appear to preclude an appeal in this case, *see* ROA, Vol. I at 7, the Government does not seek to enforce Mr. Thiel's appellate waiver in its letter informing the court that it has declined filing a response to Mr. Thiel's opening brief, *see* Appellee's Notice that a Response Brief Will Not Be Filed, *United States v. Thiel*, No. 13-1251 (10th Cir. Nov. 20, 2013). We may therefore consider Mr. Thiel's appeal. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) (finding "sufficient" the Government's explicit invocation of defendant's appellate waiver in letter to court declining to file a response to *Anders* brief); *United States v. Clark*, 415 F.3d 1234, 1237 n.1 (10th Cir. 2005) (refusing to enforce appellate waiver where the Government neither filed a motion to enforce nor argued for enforcement in its brief because such a waiver is not jurisdictional).

[2] According to the Guidelines, Mr. Thiel's sentencing range for his total offense level of 25 and criminal history category VI should be 110 to 137 months. *See* U.S.S.G. Ch. 5, Part A (Sentencing Table). Because the maximum sentence authorized by statute for Mr. Thiel's offense is 120 months, however, the Probation Office and the district court properly calculated his Guidelines range at 110 to 120 months. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(c)(1).

Although a district court "may in appropriate cases impose a non-Guidelines sentence based on disagreement with the [Sentencing] Commission's views," *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013) (quotations omitted), it is not required to do so. We also note that Congress provided for a maximum sentence of 10 years, *see* 18 U.S.C. § 924(a)(2), which is longer than the sentence Mr. Thiel received. Although the district court expressed concern about Sentencing Commission amendments having escalated the Guidelines range applicable to Mr. Thiel, ROA, Vol. III at 57-58, it balanced that concern against other factors found in 18 U.S.C. § 3553(a). We find nothing unreasonable in that approach.

Second, Mr. Thiel argues that the sentence "does not account for the unique circumstances of [his] history and characteristics, and it is greater than necessary to deter [him] from further criminal conduct." Aplt. Br. at 4. These are factors (1) and (2)(B) of those a court considers under 18 U.S.C. § 3553(a) in imposing a sentence. "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51(2007)). We conclude the district court did not abuse its discretion in considering these factors.

Although the district court recognized that 10 of Mr. Thiel's 12 prior felony convictions had occurred between 18 and 32 years in the past, *see* ROA, Vol. III at 58, the court was troubled that Mr. Thiel in this case had pointed and shot "a firearm at the residence of an individual who was believed to be involved in foreclosure proceedings of

- 3 -

his property," and that Mr. Thiel also pointed "a weapon directly at a family with three children as he drove by their vehicle and attempted to run them off the road," *id.* at 58-59. The district court also noted that, although much of Mr. Thiel's criminal history "is quite old," the "relevant history is, indeed, disturbing and violent," including 12 prior convictions—one in 2000 for "felony assault of two deputies"—and five separate prison sentences. *Id.* at 59. Mr. Thiel does not dispute any of the foregoing facts in his brief.

After further consideration of the § 3553(a) factors, the district court imposed a bottom-of-the-Guidelines range sentence of 110 months. *Id*. at 60.

Based on the foregoing, we conclude that Mr. Thiel has not overcome the presumption that his sentence was reasonable. The district court did not abuse its discretion. We therefore affirm.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge