**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FIDENCIO JARACUARO-PEREZ,

    Defendant - Appellant.

No. 20-1046
(D.C. No. 1:18-CR-00548-MSK-GPG-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant Fidencio Jaracuaro-Perez pleaded guilty to one count of conspiracy

to distribute and possess with intent to distribute 50 grams or more of

methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii),

and was sentenced to 130 months in prison. Despite a broad appeal waiver in his

plea agreement, Defendant filed a pro se notice of appeal challenging his sentence.

Based on the appeal waiver, his counsel has filed an *Anders* brief and moved to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Id.* at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

Defendant submitted a response and requests appointment of new counsel. We agree with the *Anders* brief and therefore grant counsel's motion to withdraw, enforce the appeal waiver, dismiss the appeal, and deny Defendant's request for appointment of new counsel.

As part of the plea agreement, Defendant waived his right to appeal his sentence unless (1) it exceeded either "the maximum penalty provided in the statute of conviction" or "the advisory [United States Sentencing] guideline range that applies to a total offense level of 27," or (2) the government appealed the sentence. R., Vol. I at 15. The government agreed to dismiss two other counts against him and to recommend a sentence of 120 months in prison. That figure was based on a total offense level of 27 and an estimated criminal-history category of IV, which would result in an advisory guidelines range of 120-125 months. The 120-month figure also represented the mandatory statutory minimum sentence for the offense to which

Defendant pleaded guilty. The plea agreement noted, however, that Defendant's criminal-history category could be as high as VI.

At the change-of-plea hearing, the district court explained that the government's agreement to recommend a 120-month sentence was not binding on the court, that Defendant could receive a prison sentence anywhere from 10 years to life, and that the presentence investigation report (PSR) could change the plea agreement's sentencing calculation, which was only an estimate based on what was known at the time he entered into the plea agreement. Defendant stated that he understood all of this.

The PSR calculated a total offense level of 27, which reflected a 3-level reduction for acceptance of responsibility, and a criminal-history category of VI. The resulting guidelines imprisonment range was 130-162 months. Defendant did not dispute these calculations.

Consistent with the plea agreement, the government filed a motion for a downward variance to 120 months based on the parties' initial estimate that Defendant's criminal-history category would be IV and that the resulting advisory guidelines range would be 120-125 months. The government proffered two reasons in support: (1) the relevant conduct of Defendant's co-defendant, who also pleaded guilty, involved far greater quantities of methamphetamine, but his anticipated advisory guidelines range was much lower (70-87 months); and (2) unlike Defendant, the co-defendant did not have substance-abuse issues and apparently chose to participate in the conspiracy to distribute methamphetamine only because of greed.

The district court accepted the plea agreement, denied the government's motion for a downward variance, and sentenced Defendant to 130 months in prison, which was at the low end of the sentencing range calculated in the PSR. In declining to vary downward, the court explained that if culpability in the distribution scheme was the only consideration, the court "would readily make an adjustment." R., Vol. III at 20:23-24. But the court found Defendant's criminal-history category of VI significant for several reasons: it is "the highest . . . in the federal system," *id.* at 19:19-20; he had attained that category at the age of 34; this was his "seventh felony conviction," *id.* at 20:1; and he had failed to comply with prior "generous" sentences, including "probation" and "work release," *id.* at 20:3-4. The court further found that Defendant's explanation for his conduct, that he was "hurting emotionally" (from a separation from his wife), *id.* at 21:8, did not excuse his offense, and that his offense involved selling drugs, not merely using them.

The *Anders* brief cites Defendant's appeal waiver as the reason there is no nonfrivolous issue to be raised in this appeal. The government declined to file a brief but submitted a letter stating that it agrees with Defendant's counsel that there are no nonfrivolous issues and that this court must enforce the appeal waiver. The government's statement is sufficient to require this court to enforce the waiver if it satisfies the requirements of *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("where the government explicitly cites an appeal waiver in a letter

4

to the Court in response to an *Anders* brief, the waiver is not waived and must be enforced if it meets the requirements of . . . *Hahn*").

In examining the enforceability of an appeal waiver under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Defendant does not contest that this appeal falls within the scope of the waiver in his plea agreement or that his waiver was knowing and voluntary. We therefore need not consider the first two *Hahn* factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not consider a *Hahn* factor that the defendant does not contest).

Defendant does invoke *Hahn*'s miscarriage-of-justice factor, but he has not satisfied that factor. "*Hahn* details the only four situations in which enforcement of an appellate waiver may result in a miscarriage of justice." *United States v. Green*, 405 F.3d 1180, 1191 (10th Cir. 2005). Two are plainly not at issue here (and Defendant does not argue that they are): "where the district court relied on an impermissible factor such as race" and "where the sentence exceeds the statutory maximum." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted).

The other two situations in which enforcement of an appeal waiver may result in a miscarriage of justice are "where ineffective assistance of counsel in connection

with the negotiation of the waiver renders the waiver invalid" and "where the waiver is otherwise unlawful." *Id.* (internal quotation marks omitted).

Defendant argues that he received ineffective assistance of counsel in connection with the plea agreement. But as stated in *Green*, which also involved an *Anders* filing, *see* 405 F.3d at 1182, 1188-89, ordinarily "we cannot evaluate in [a] direct appeal whether ineffective assistance of counsel in negotiating the waiver renders the waiver invalid," *id.* at 1191. Although we may consider an ineffective-assistance claim on direct appeal "when there exists a sufficiently developed record," we lack that here, where the claims "have never been raised before the trial court" and "the trial court [has not] been afforded an opportunity to evaluate the trial counsel's performance." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). Consequently, we conclude that Defendant must bring any ineffective-assistance claims in a collateral proceeding, *see id.*, which his plea agreement expressly permits.

The remainder of Defendant's response to the *Anders* brief argues that the district court was bound by the government's recommendation of a 120-month sentence; that the court should have granted the downward variance; and that by not granting the variance, the court imposed a substantively unreasonable sentence and treated the advisory guidelines as mandatory. Liberally viewed, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), these arguments might be construed as attempts to show that enforcing the waiver would be "otherwise unlawful," which requires that the alleged error "must seriously affect the fairness,

6

integrity or public reputation of judicial proceedings," *Hahn*, 359 F.3d at 1327 (brackets and internal quotation marks omitted). So construed, these arguments rest on an apparent "misunderstanding of what must be 'unlawful' for a waiver to result in a miscarriage of justice. Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Accordingly, these arguments do not show that the waiver is "otherwise unlawful," and we conclude that enforcing it would not result in a miscarriage of justice.

For these reasons, we grant counsel's motion to withdraw, enforce the appeal waiver, and dismiss this appeal. We deny Defendant's request for appointment of new counsel.

Entered for the Court

Harris L Hartz
Circuit Judge

7