**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

ISRAEL NAVA-ORTEGA

　　Defendant - Appellant.

No. 21-2153
(D.C. No. 2:21-CR-00940-MIS-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

United States Border Patrol ("USBP") agents arrested Israel Nava-Ortega ("Defendant") in May 2021 at a USBP checkpoint in Doña Ana County north of Las Cruces, New Mexico. Defendant subsequently pleaded guilty to one count of illegal reentry by a removed alien previously convicted of a felony, in violation of 8 U.S.C. § 1326(a)(1)–(2), (b)(2). The district court sentenced Defendant to 46 months'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, followed by a two–year term of unsupervised release. Defendant timely appeals. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Defendant's counsel filed an *Anders* brief and a motion to withdraw as counsel to which neither Defendant nor the government responded. *See generally Anders v. California*, 386 U.S. 738 (1967). "We therefore base our conclusion in this case on counsel's brief and our own careful review of the record." *United States v. Vasquez-Reyes*, 353 F. App'x 129, 131 (10th Cir. 2009) (unpublished). For the reasons stated below, we conclude that the record in this case does not provide a nonfrivolous basis for appeal. Accordingly, we grant counsel's motion to withdraw and dismiss Defendant's appeal.

Under *Anders*, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to:

> [S]ubmit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id*. (citing *Anders*, 386 U.S. at 744) (internal citations omitted).

Counsel's *Anders* brief raises only issues of procedural and substantive reasonableness as to Defendant's sentencing. When reviewing any sentence, we "must first ensure that the district court committed no significant procedural error . . . . then

2

consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  Thus, we will first address whether the district court procedurally erred when sentencing Defendant.

As defendant's counsel recognizes, defendant did not raise a procedural challenge during sentencing.  Accordingly, we review for plain error.  *See United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006).  Plain error occurs where there is "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007) (citing *Lopez-Flores*, 444 F.3d at 1222). When reviewing a sentence for procedural error, we look to see "whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008).

Here, the district court calculated Defendant's sentence consistent with the presentence report ("PSR").  The PSR determined Defendant's base offense level as 8 under U.S.S.G. § 2L1.2(a).  The PSR increased Defendant's base offense level by 14 levels to an adjusted offense level of 22.  *See id*. § 2L1.2(b)(1)(A), (3)(A). Defendant then received a three-level reduction for acceptance of responsibility of the offense under U.S.S.G. § 3E1.1(a)–(b).  Thus, the PSR determined Defendant's total offense level was 19.

The PSR considered Defendant's previous criminal convictions and calculated his criminal history score as 9.  This score was based on three criminal history points for a 2003 New Mexico aggravated burglary conviction, which resulted in a nine-year

3

prison sentence. U.S.S.G. § 4A1.1(a).  The PSR also added 6 points due to Defendant's two prior illegal reentry convictions in 2010 and 2014.  *Id*.  Defendant's total criminal history score placed him in criminal history category IV.  Accordingly, Defendant's criminal history category of IV coupled with his total offense level, yielded a recommended sentencing range of 46–57 months.

At his sentencing hearing, Defendant requested a sentencing variance to time served.  The district court adopted the PSR's factual findings, calculated the sentencing guidelines, and considered his variance request before sentencing Defendant to 46 months' imprisonment.  Defendant did not object to either the PSR or his sentence.

The district court used the correctly calculated PSR and considered the 18 U.S.C. § 3553(a) factors when imposing Defendant's sentence.  Additionally, the district court explained that it would impose a sentence within the guideline range as defendant's request for a variance to time served was not compelling.  After careful review of the record, we conclude that the district court committed no error when sentencing Defendant.  As such, the sentence imposed by the district court is procedurally reasonable, and any challenge to it would be wholly frivolous.

Next, we turn to the substantive reasonableness of the sentence.  Substantive reasonableness is based on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  *Alapizco-Valenzuela*, 546 F.3d at 1215 (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)).

We have consistently held that if "the district court correctly determined the relevant Guidelines range, and if the defendant was subsequently sentenced . . . within that range, then the sentence is entitled to a rebuttable presumption of reasonableness on appeal." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).  Because the district court sentenced Defendant within the statutorily permitted range, and within the relevant Guidelines range, we presume the sentence to be substantively reasonable. *See Alapizco-Valenzuela*, 546 F.3d at 1215 (citing *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008); *Kristl*, 473 F.3d at 1055).

Defendant "may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in [§ 3553(a)]." *Id*.  The district court considered the nature and circumstances of Defendant's violation along with his traumatic childhood and imposed the shortest sentence within the guidelines. Because this sentence is within the guideline range, and the court utilized its discretion in favor of Defendant, we see nothing in the record that constitutes an abuse-of-discretion.  As such, the presumption of reasonableness to his sentence remains. Accordingly, we conclude that any challenge to the substantive reasonableness of Defendant's sentence would be wholly frivolous.

For the reasons stated herein, counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge